# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff-Respondent,

  -vs-              Case No. 85-CR-176
                      13-C-224

**TERRY CONNER,**

    Defendant-Petitioner.

## DECISION AND ORDER

  On September 17, 2012, Terry Conner filed a motion to terminate the restitution order that was entered in his underlying criminal case, arguing that 18 U.S.C. § 3613(b) sets a 20-year recovery period for restitution against an incarcerated defendant. The Court denied Conner's motion on December 10, 2012, finding that it lacked jurisdiction to modify the judgment with respect to restitution. A few months later, Conner filed the identical request in a separate civil action. This latter request was docketed as a civil rights lawsuit under 42 U.S.C. § 1983.

  Conner's motion to terminate his restitution is not a Section 1983 action. The most appropriate label for Conner's motion is a petition for a writ of *audita querela*, a "common law writ dating from the reign of Edward III" which can be used to attack a judgment that was "correct at the time it was rendered but which is made infirm by matters that arose after its rendition." *United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). "*Audita querela*

is distinguished from *coram nobis* in that *coram nobis* attacks the judgment itself, whereas *audita querela* is directed against the enforcement, or further enforcement, of a judgment which, when rendered, was just and unimpeachable." *Id.*

Courts have recognized that *audita querela* might still have a place in the federal post-conviction remedial scheme. *Id.* at 487-88 (collecting cases). Even if the writ is available, Conner is not entitled to the relief that he seeks. Conner's argument—that restitution liability terminates 20 years after entry of judgment—parrots the statutory scheme in place at the time he was convicted and sentenced. Since then, Congress enacted the Mandatory Victim Restitution Act of 1996 ("MVRA"). The MVRA amended § 3613(b) to provide that the liability to pay restitution terminates "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." *United States v. Richards*, 472 F. App'x 523, 525 (9th Cir. 2012) (citing § 3613(b)). Conner is serving a life sentence, so his "liability to pay restitution" will not expire until he is dead. The Court also agrees with the conclusion in *Richards* that the "statute of limitations with respect to liability for restitution is procedural." 472 F. App'x at 525 (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275, n.28, n. 29 (1994)). Accordingly, the MVRA applies to Conner's restitution order.

**IT IS HEREBY ORDERED THAT** Conner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED THAT** Conner's motion to terminate restitution is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**